THE DELAWARE AND ATLANTIC TELEPHONE COMPANY v. THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF PENSAUKEN, IN THE COUNTY OF CAMDEN.

Submitted June 27, 1901—Decided November 11, 1901.

1. The ordinance certified in this case is illegal because it was finally passed on the 1st of February without having been introduced and passed at a previous meeting, as required by the statute.
2. The ordinance directs poles placed in the highway without the consent of the public authorities to be removed; therefore, the attempt of the town committee to remove the poles of the prosecutor without notice and without giving it an opportunity to be heard in defence of its right to maintain the poles was also illegal.

On *certiorari* to review an ordinance of the township committee of the township of Pensauken.

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the prosecutor, *Edward Dudley* and *David J. Pancoast.*

For the defendant, *Joseph H. Gaskill* and *Henry Hollinshed, Jr.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This *certiorari* is prosecuted to set aside an ordinance and the proceedings thereunder of the township of Pensauken entitled "An ordinance directing the removal of telephone and telegraph poles placed in the sidewalks, streets, highways and public places in the township of Pensauken without the consent of the public authorities."

The prosecutor for many years has conducted a telephone business in this state, with a line of poles on River road, in the township of Pensauken, in the county of Camden.

On the 1st of February, 1901, the said ordinance was passed at a special meeting of the township committee.

Subsequently the township committee, without any notice to the prosecutor, passed a resolution directing one Abe Bennett to remove all poles erected on said River road which were erected without proper authority.   Bennett, under this resolution, proceeded to remove the poles of the prosecutor, and was arrested in the work by the issuing of this *certiorari.*

The action of the township committee is resisted upon two grounds:

*First.* That the ordinance was not legally passed.

*Second.* That the resolution was passed and the work of removal commenced without giving the prosecutor an opportunity to be heard.

By the twentieth section of the act concerning townships (*Pamph. L.* 1899, *p.* 379) it is provided that no ordinance shall be introduced and finally passed at a single meeting of the township committee, but every ordinance that shall be introduced at any meeting of such committee shall lie over, and

shall not be finally passed except at a meeting or an adjourned meeting held at least three days subsequent to that at which it shall be introduced.

The return to the writ of *certiorari* shows that at a special meeting held January 12th, 1901, at which only two members of the committee were present, "An ordinance in reference to the telegraph and telephone poles along River road" was read and, on motion, passed first and second reading; that at a special meeting held February 1st, 1901, at which the three members of the committee were present, "An ordinance in reference to the telegraph and telephone poles throughout the township, asking the owners of the same, where they did not have proper authority to erect them, to remove them within twenty days," was taken up on third reading and passed.

The ordinance acted upon at the first meeting was not the same as that passed to a third reading at the second meeting. It does not appear that any notice was given of these special meetings or that the ordinance passed at the special meeting on February 1st was introduced or considered at a previous meeting as required by law.

Failure to comply with the statute in this respect is fatal to the ordinance.

But if the ordinance had been duly passed, the action of the town committee could not be upheld.

The ordinance provides for the removal of poles erected in the township without the consent of the public authorities; it does not specify what poles were unlawfully placed in the streets or sidewalks.

That was a question of fact in regard to which persons to be affected by the ordinance had a right to be heard, and the removal could not be committed to the discretion of Bennett. He could not pass judgment upon the rights of the prosecutor and destroy. its property without giving it an opportunity to be heard. *Cape May* v. *Cape May and Delaware Bay Railroad Co.*, 31 *Vroom* 224; *Kennelly* v. *Jersey City*, 28 *Id.* 293; *Traction Co.* v. *Board of Works*, 27 *Id.* 437.

Under the rule established by these cases the action of the town committee is illegal, and it must be set aside, with costs.