UNITED NEW JERSEY RAILROAD AND CANAL COMPANY AND THE PENNSYLVANIA RAILROAD COMPANY, PROSECUTORS BELOW AND DEFENDANTS IN ERROR, v. MAYOR AND ALDERMEN OF JERSEY CITY, DEFENDANTS BELOW AND PLAINTIFFS IN ERROR.

Submitted March 27, 1905—Decided June 19, 1905.

Municipal action directing the removal from a highway of railroad tracks maintained therein under claim of legislative authority, being of a judicial character, must be upon notice to the party asserting such claim of right.

On error to the Supreme Court.

For the plaintiff in error, *Robert Carey.*

For the defendant in error, *James B. Vredenburgh.*

The opinion of the court was delivered by

GARRISON, J.    The municipal action certified to the Supreme Court was as follows:

"The following resolution was presented by the committee on streets and sewers:

"*Resolved,* That the United New Jersey Railroad and Canal Company and the Pennsylvania Railroad Company are hereby directed to remove their tracks in Pearl street.

"1. From the centre line of Washington street to the northerly line of Green street, extended; and

"2. In Pearl street, north of the centre line thereof, between the easterly line of Green street, extended, and the westerly side of Green street, extended; be it further

"*Resolved,* That a copy of this resolution be forwarded to the said companies by the clerk of this board forthwith; and be it further

"*Resolved,* That in case the said railroad companies shall neglect or fail to remove said tracks from said public streets on or before the 10th day of November, 1902, the committee on streets and sewers of this board be and they are hereby authorized and directed to cause the said tracks to be removed.

"The foregoing resolution was adopted by the following vote on a call for the ayes and nays:

"Ayes—All the members of the board, five (5) in number.

"And was approved by the mayor November 5th, 1902."

The Supreme Court directed that the resolution so certified should be set aside. The ground for this decision, stated in the opinion of Mr. Justice Van Syckel, was that the act of March 24th, 1869 (*Pamph. L., p.* 560), authorized the laying of the tracks in question and that such right was vested in the Pennsylvania Railroad Company. We think that it is neither necessary nor proper, at this juncture, to decide this question, it being sufficient, for present purposes, to determine that by force of the statute referred to, the prosecutors were setting up a claim of right upon which they were entitled to be heard before the decision of the municipal authorities was pronounced against them.

The case of *Cape May* v. *Cape May, Delaware Bay and Sewell's Point Railroad Co.,* 31 *Vroom* 224, which is pertinent upon this point, is also an authority for the proposition that a resolution that merely notifies an occupier of a street to remove an obstruction is not of a judicial nature, and

hence does not require notice or a hearing. In the municipal action now before us, two of the matters resolved by the city council seem to be of this nature. If so, it may well be that they are severable from that part of the resolution that directed the removal of the prosecutors' tracks, and are capable of being sustained as independent and valid exercises of municipal discretion. This question, however, not having been raised either in the Supreme Court or in this court, counsel for the prosecutors has had no opportunity to be heard upon it; hence no opinion upon this point is now expressed. Nor is any opinion expressed as to the power of the municipal council to adjudicate respecting a right granted by the legislature to the prosecutors if such be the force of the statute in question.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GRAY. 10.

*For reversal*—None.