THE STATE, WILLIAM B. OGDEN et al., prosecutors, *vs.* THE MAYOR AND COMMON COUNCIL OF THE CITY OF HUDSON.

1. An ordinance passed by the common council of Hudson City for grading, curbing, and paving streets, is invalid and illegal, unless previous notice is given, according to the charter; and even where, by several ordinances duly passed, certain work was ordered to be done, if a general ordinance is passed for doing the same work, and repealing the previous ordinances, without notice given for that purpose, the ordinance is invalid, and assessments for work done under it will be set aside.

2. Persons affected by the passage of an illegal ordinance are not prejudiced in their rights by not attempting to get the ordinance set aside until after an assessment is made under it.

---

In error to the Supreme Court.

*I. W. Scudder* and *A. O. Zabriskie*, for plaintiffs in error.

*P. D. Vroom* and *J. P. Bradley*, for defendants.

VAN DYKE, J. The *certiorari* in this case removed into the Supreme Court the proceedings of the mayor and common council of the city of Hudson, in the matter of grading, regulating, curbing, guttering, and planking

sidewalks on Palisade avenue, in said city, and also the assessment of the costs and expenses of the same on the lands of the prosecutors. Two general objections or exceptions were taken to the proceedings in the court below, one to the ordinance or ordinances under which the work was done, and the other to the assessment of the costs and expenses of the work. The Supreme Court reversed and set aside the proceedings, so far as the assessment was concerned, but held the ordinance or ordinances under which the improvements were made to be valid and lawful, and refused to reverse or set them aside, but held and decided them to be good and effectual in law. To reverse this last-mentioned part of the decision of the Supreme Court, which held these ordinances to be legal and valid, this writ of error is brought.

A principal ground for setting aside or reversing the ordinance under which the plaintiffs allege the improvements were made, or the work was done, is that no notice that an application had been made for the passage of such an ordinance, or that such an ordinance was about to be or likely to be passed, was ever given, as the law requires. The charter of the city requires that the passage of all ordinances of this kind should be preceded by a notice of twenty days, to the end that the persons to be affected might have an opportunity of making objections thereto, or of being heard thereon.

The ordinance under which the work was actually done was approved July 18th, 1856; but it does not appear by any of the proceedings that the passage of this ordinance was preceded by any notice relating thereto, and it is not alleged that there was any previous notice given. But it appears that an ordinance for the regulating and grading of a part of Palisade avenue was passed November 15th, 1855. It also appears that another ordinance was passed for the improvement of the avenue, in another part of it, on the 20th December, 1855. Also, on the 6th of March, 1856, another ordinance was passed

State v. City of Hudson.

for laying sidewalks on certain portions of the avenue. It likewise appears that on May 1st, 1855, an ordinance was passed amendatory of the ordinance first passed. Due notice was given of the passage of the last four ordinances mentioned, and it is contended that, inasmuch as these four ordinances contain all the substance of what is to be found in the fifth and last ordinance, no additional notice was necessary previous to its passage; but it seems to be a conclusive answer to all this to say, that before any of the work was done, or a contract made for that purpose, all these four ordinances, with every provision contained in them, were absolutely repealed, and became as if they had never been passed. All the work was done afterwards, and under the authority of the last ordinance of July 18th, 1856, of the passing of which no previous notice was ever given.

It also appears that the work and improvements contemplated by the last act were different, and perhaps very different, from those contemplated by the first four. It seems that when the first four ordinances were passed, grade maps had been previously adopted by the authorities, and are supposed to have been understood by the citizens; but a few weeks before the passage of the last ordinance, the common council, without any notice, by resolution repealed the old grade maps previously in use, and adopted different ones, made by Mr. Hexamer, and after this was done, repealed all the ordinances that had been passed relative to the improvement when the old grade was in force, and passed without notice a new ordinance requiring the work to be done according to the last-mentioned grade.

The brief history of the case then is, that under the first four notices, showing the improvements contemplated by each, and with the grade as it was then established and understood, the persons whose property was to be affected made no objection, and the ordinances were passed. Afterwards, and without any notice what-

ever, the mayor and common council repealed the grade, and adopted another, repealed the ordinances, and passed another for the whole line of the avenue, directing the work to be done according to the new grade, and in a manner materially different from that contemplated by the repealed ordinances and the notices that had been given of them. Twenty days after this the work was all contracted for, and on the 5th of November, 1857, it was completed, the assessments for which amount to some $22,000. Whatever the common council may have intended, these proceedings must have been a complete surprise upon the persons owning property on the avenue, wholly depriving them of all benefit and advantage contemplated by the notice.

I think, therefore, that the ordinance directing this work to be done was illegal, and cannot be sustained. Not because it is void in itself. It is not, for it is a kind of ordinance which the city authorities have power to pass, but because they passed it in an unlawful way. It is what is known as a judicial ordinance, requiring certain things to be done seriously affecting the rights of others; and the parties injured or to be injured have a right to remove it directly into the Supreme Court, and through that into this court, if need be, to have it reversed and set aside.

Nor do I think that the lapse of time between the passing of this ordinance and the bringing of the writ of *certiorari* should be allowed to defeat it, for this lapse of time cannot make an ordinance lawful which is wholly otherwise. And, besides, it in no way appears that these prosecutors had any knowledge of the passage of the erroneous ordinance under which the work was done. They saw the work go on, it is true, but then they knew, or are supposed to have known, for due notice to that effect had been given, that other ordinances had been legally passed for the regulating, &c., of this avenue; and although they stood by and may have disliked the work,

State v. City of Hudson.

yet if they were not aware that it was being done under this illegal ordinance, they cannot be accused of acting in bad faith, with negligence, or anything else improper, in not bringing their suit sooner.

Nor do I see a great deal of force in the idea suggested, that the reversal of this ordinance will throw the expense of this work upon the city generally, for the city is doubtless responsible for the acts, generally, of the persons they select to legislate for them ; and if they, by their unwise or unlawful acts, impose burthens upon them, they ought, as a body, to bear such burthens. The improvements, if such they were, were unquestionably intended for the benefit, to some extent, of all the citizens, as well as for those whose property was to be immediately affected by them ; and if we take for our guide the map furnished us, which shows the natural surface of the ground, as well as the grade actually adopted and used, with all its excavations and embankments, its benefits and its injuries to the adjoining owners, it is difficult to avoid the conclusion that if the expense be equalized throughout the city, the owners of lots will be still much the greater sufferers.

I think, therefore, that the ordinance under which the work was done is unlawful, and should be set aside.

*For affirmance*—None.

*For reversal*—The CHANCELLOR, the CHIEF JUSTICE, and Judges BROWN, CLAWSON, VREDENBURGH, VAN DYKE, COMBS, KENNEDY, SWAIN and WOOD.

CITED *in State v. Perth Amboy, 5 Dutch.* 263; *State v. Newark,* 1 *Vr.* 306; *Phillips v. City of Hudson, 2 Vr.* 149; *Eames v. Stiles, 2 Vr.* 493.