DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

MARCH TERM, 1902.

---

THE DELAWARE AND ATLANTIC TELEGRAPH AND TELE-
PHONE COMPANY, DEFENDANT IN ERROR, v. THE
TOWNSHIP COMMITTEE OF THE TOWNSHIP OF PEN-
SAUKEN, IN THE COUNTY OF CAMDEN, PLAINTIFF IN
ERROR.

Argued March 25, 1902—Decided June 16, 1902.

1. By the provisions of section 220 of "An act concerning townships,"
[Revision of 1899], approved March 24th, 1899, power is conferred
on a township committee to finally pass an ordinance only in case
such ordinance has been introduced at a previous meeting of the
committee, held more than three days prior to the meeting at which
it is finally passed.

2. A *certiorari* required a township committee to return to the Su-
preme Court a certain ordinance, with the records of the meeting
of the said township committee at which the said ordinance was
introduced and passed, together with all things touching and con-
cerning the holding of the meetings and the introducing, passing,
approving and enacting of the said ordinance. The township com-
mittee returned the ordinance and other matters required "as fully
and entirely as the same remain in our hands and possession as by
the said writ we are commanded.". The title of the ordinance was
"An ordinance directing the removal of telephone and telegraph

poles placed in the sidewalks, streets and highways and public places in the township of Pensauken, without the consent of the public authorities." The minutes of the committee show that, at a meeting held on February 1st, 1901, an ordinance was passed, described as the "ordinance in reference to the telegraph and telephone poles throughout the township, asking the owners of the same, where they did not have proper authority to erect them, to remove them within twenty days." The proceedings returned disclosed no previous introduction of any ordinance but one, which was introduced at a meeting held January 12th, 1901, and is described as the "ordinance in reference to the telegraph and telephone poles along River road." *Held,* that in the absence of proof of the identity of the ordinance introduced on January 12th, 1901, with that finally passed on February 1st, 1901, it was correctly concluded that the final passage of the ordinance on the latter date was not within the power conferred.

The judgment of the Supreme Court brought up on this writ of error was rendered December 5th, 1901, and set aside and annulled an ordinance of the township committee of the township of Pensauken. The ordinance was in the following terms:

"An ordinance directing the removal of telephone and telegraph poles placed in the sidewalks, streets, highways and public places in the township of Pensauken, without the consent of the public authorities.

"Whereas, a large number of telephone and telegraph poles have been erected along the sidewalks, streets, highways and public places in the township of Pensauken, for which no consent has been obtained from the authorities having charge of said sidewalks, streets, highways and public places, and the same are nuisances and obstructions unlawfully maintained thereon; therefore,

"Section 1. Be it ordained by the township committee of the township of Pensauken, that all such telephone and telegraph poles erected on the sidewalks, streets, highways and public places in the township of Pensauken have been and are hereby declared to be nuisances and obstructions to the use thereof, and shall be removed therefrom within twenty days after the passage of this ordinance.

"Section 2. And be it ordained, that in case of failure of the owner or owners of said pole or poles to remove such nuisances and obstructions within the time hereby ordained and limited, that then and in that case the township committee will cause the same to be removed at the cost and expense of the owner or owners of the said pole or poles.

"Section 3. And be it ordained, that this ordinance shall take effect immediately."

The opinion of the Supreme Court will be found *ante p.* 91.

For the plaintiff in error, *Joseph H. Gaskill.*

For the defendant in error, *Edward Dudley* and *David J. Pancoast.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR. The claim on the part of the plaintiff in error is that power to enact the ordinance in question was conferred upon the township committee by paragraph 8 of section 32 of the "Act concerning townships" [Revision of 1899], approved March 24th, 1899, to take effect February 25th, 1900 (*Pamph. L., p.* 372), which paragraph purports to confer upon the committee power to provide for the abatement and removal from streets, highways and alleys in the township of nuisances and obstructions of every kind.

It was not contended in the court below, nor has it been urged by it in this court, that the power so conferred did not extend to the declaring or adjudging what are nuisances or obstructions in streets.

The ordinance recites, as a ground for its enactments, the alleged fact that telephone and telegraph poles have been erected along sidewalks, streets, highways and public places in the township, for which no consent has been obtained from the authorities having charge of the same. I assume that the "consent" referred to is the designation of the streets in which poles may be placed and the manner of placing the same, which is required to be obtained from any incorporated city

or town before erecting poles in any street thereof, by section 8 of the "Act to incorporate and regulate telegraph companies," approved April 9th, 1875 (*Gen. Stat., p.* 3457), the provisions of which act and its supplements were extended to telegraph companies, then organized or thereafter to be organized, by an amendatory act approved June 20th, 1890. *Gen. Stat., p.* 3460.

No question has been made in this case whether the "designation" required by the provisions of section 8 to be obtained from an incorporated city or town was required to be obtained from a township; or whether, under section 2 of a supplement to the act of 1875, approved April 27th, 1888 (*Gen. Stat., p.* 3459), a designation was required to be obtained from the authorities of a township in all cases, or whether such designation could be required to be obtained by a company which had been using poles erected before the last-mentioned supplement took effect in replacing poles along the same streets.

As these are questions which may at some time be of consequence, I mention them merely to say that, in the absence of argument thereon, no consideration has been given to them.

The principal ground on which the judgment of the Supreme Court was based was that the ordinance in question had not been adopted by the township committee in the manner required by the legislation which conferred on them the power to act.

The power to pass ordinances is conferred on the township committee and is to be exercised in the manner prescribed by a clause of section 20 of the Township act of 1899, *ubi supra,* in these words: "No ordinance shall be introduced and finally passed at a single meeting of the township committee, but every ordinance that shall be introduced at any meeting of such committee shall lie over and shall not be finally passed except at a meeting or an adjourned meeting, held at least three days subsequent to that at which it shall be introduced." The Supreme Court found that this ordinance was finally

passed on February 1st, 1901, and had not been introduced at any previous meeting, and that, in consequence thereof, the committee had no power to finally pass it. In this conclusion I concur.

The writ of *certiorari* called for the certification of the ordinance and "the records of the meetings of the said township committee at which the said ordinance was introduced and passed, together with all things touching and concerning the holding of the meetings and the introducing, passing, approving and enacting of the said ordinance." The return to the writ by the township committee asserts that the matters called for are certified "as fully and entirely as the same remain in our hand and possession as by the said writ we are commanded." By the minutes of the committee thus returned it appears that at a meeting on February 1st, 1901, an ordinance described as an "ordinance in reference to the telegraph and telephone poles throughout the township, asking the owners of the same, where they did not have proper authority to erect them, to remove them within twenty days," was taken up on third reading and passed. This description of the ordinance is not full or exhaustive, but serves to identify the ordinance in question. Power to pass that ordinance could only arise if it had been introduced at a meeting at least three days before February 1st. The return shows no ordinance introduced prior to that time, except one. That was an ordinance which was described in the minutes of a meeting on January 12th, 1901, as "an ordinance in reference to the telegraph and telephone poles along River road," which is therein declared to have been passed on first and second reading. It does not appear to have been amended during that meeting. The description of the ordinance thus certified to have been introduced neither coincides with the ordinance passed February 1st, nor does it serve to identify it as the same.

It is asserted in the brief of counsel that the ordinance introduced is identical with that passed, but of this fact there is no proof. Such proof might doubtless have been produced.

The original ordinance might have been put in evidence, and parol proof of identity might have been given. But the township clerk, who was the clerk of the committee and kept its minutes, was called as a witness, and was not asked to give, nor did he give, any evidence on the subject. Of the three then members of the township committee only one was called as a witness, and he was not present at the meeting of January 12th, and was not examined as to the ordinance or its identity. Upon the return, unexplained by evidence, the finding that the ordinance in question had not been passed with the required formality was correct.

On this ground no error is found in the court below.

It is further urged on the part of the plaintiff in error that the court below erred in its determination that the ordinance was void because of want of notice to the prosecutors below. The contention is that the ordinance was a mere legislative act, having no judicial character, and therefore, under our decisions, capable of being adopted without notice. *Camden* v. *Mulford, 2 Dutcher* 49; *Vanatta* v. *Morristown, 5 Vroom* 445; *Traction Co.* v. *Board of Works,* 27 *Id.* 431.

But I do not understand that the Supreme Court passed upon the question so suggested. In the course of the taking of affidavits in the cause, counsel agreed to the correction of the return by including in it a resolution adopted February 28th, 1901, directing a person named to remove "the poles erected on River road which were erected without proper authority." Undoubtedly this resolution could not be passed without notice to those interested, and it is to this resolution the court below has applied the well-known doctrine. But there was, and could be, no adjudication on the resolution, because the reasons were not amended, and they pointed out objections only to the ordinance.

It is further contended that the judgment ought not to be affirmed because the prosecutors below had no legal standing to support the suit. But the case presented to us does not indicate that this question was presented to the Supreme Court, nor is it within any of the assignments of error.

The judgment must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRETSON, COLLINS, HENDRICKSON, PITNEY, KRUEGER, ADAMS, VREDENBURGH, VOORHEES, VROOM.   12.

*For reversal*—None.