AGNES CAMPBELL, PROSECUTRIX, v. · TOWNSHIP COM-
MITTEE OF THE TOWNSHIP OF TEANECK, IN THE
COUNTY OF BERGEN, DEFENDANT.

Argued June 27, 1925—Decided July 7, 1925.

1. Under the provisions of subsection (a) of section 1 of the act
   of 1925 (*Pamph. L., p.* 392), an ordinance, after it has been
   introduced and passed the first reading, must be published and
   a notice given of a public hearing thereon before further con-
   sideration and final passage; but the fact that two notices of the
   hearing upon an ordinance were published, one before the first
   reading and a second notice before final passage, will not render
   such ordinance invalid.
2. Because the minutes of the governing body of a municipality do
   not show that a hearing was had upon an ordinance pursuant to
   an advertised notice, it does not follow that no such hearing was
   had, the presumption being that the municipal body did what was
   required by law, where there is no proof to the contrary; and
   especially so, where it appears from the minutes that a meeting
   of the municipal body was held on the day designated in the
   notice of hearing.
3. Under the provisions of section 1 of article 18 of the Home
   Rule act (*Pamph. L.* 1917, *p.* 365), every municipality has the
   power to erect or otherwise acquire such buildings as may be
   necessary and suitable for municipal business, and to acquire
   the necessary land for that purpose, and what land is reasonably
   necessary to be acquired for this purpose rests in the sound dis-
   cretion of the governing body, and the exercise of this discretion
   is not reviewable unless it appears that such body, in arriving
   at its decision, proceeded upon some erroneous legal principle,
   or was actuated by fraud.
4. Under the provisions of section 12 of article 18 of the Home
   Rule act (*Pamph. L.* 1917, *p.* 367), a municipality may acquire
   real property subject to conditions or limitations as to its use
   by the municipality, provided the governing body by ordinance or
   resolution expresses its willingness that the land so restricted
   shall be acquired; and although an ordinance for the erection
   of a municipal building upon lands to be acquired did not embody
   the restrictions upon the use of the land, but these were em-
   bodied in a resolution subsequently passed, that is a compliance
   with the statutory requirements.

On *certiorari.*

Before Justice KALISCH, sitting under the statute.

For the prosecutrix, *Wright, Vanderburgh & McCarthy* (*Wendell J. Wright,* of counsel).

For the defendant, *Vanderbilt & Hedden* (*Arthur T. Vanderbilt,* of counsel).

The opinion of the court was delivered by

KALISCH, J.  Two writs of *certiorari* were sued out by the prosecutrix, one of which is directed against the legality of the proceedings taken by the township committee of Teaneck, in the passage of an ordinance to enable the township to acquire by purchase certain land from the Walter Phelps estate, consisting of about seven acres, ostensibly for the erection of a city hall and other necessary administrative buildings and to lay out a public park, and the other questions the validity of a resolution adopted by the township committee subsequent to the passage of the ordinance authorizing the committee to enter into a contract pursuant to the ordinance.

Both of the cases were argued together before me on account of their interrelation, the passage of the resolution being necessary to effectuate the requirements of the ordinance.

The record discloses that on March 17th, 1925, the township committee called a referendum to be held in the township on April 8th, 1925, to vote on the proposition whether the township shall acquire by purchase or condemnation for the erection of a town hall a piece of land lying at the northwest corner of Teaneck road and Cedar lane, and known as the Phelps Ruins site, and containing, approximately, seven acres, and being a portion of block 237, lot 37 of the 1922 township assessment; the cost of land and building not to exceed $130,000, &c., &c.  On the argument it was stated by counsel on either side that the referendum was an unnecessary and idle performance, since it was not required by law, as the township committee was fully authorized to act in the matter by ordinance or resolution without a referen-

dum under the Home Rule act of 1917 and the amendments thereto. It appeared that the majority of the votes was in favor of the proposition, and the fact that there was such an election was referred to by counsel as evincing the general knowledge possessed by the voters of the township of the character of the project.

The pertinent facts, which give rise to the questions raised by counsel on behalf of the prosecutrix regarding the validity of the ordinance and of the resolution, are these:

After the clerk of the township presented a statement of the boards of elections of the result of the referendum to the township committee at its regular meeting on April 14th, 1925, a resolution was offered, which was unanimously adopted, that an ordinance to provide for the purchase of land situate in the township of Teaneck described as follows (here follows the description): "All as shown on a map made by the township engineer, April, 1925. And the erection of a building and additions thereon for use of the township of Teaneck for any municipal or public business, and the appropriation for the cost thereof, be introduced, and that the township clerk give notice of a public hearing on said ordinance to all persons interested by publication thereof in the 'Interboro News' in its issue of April 17th, 1925, and hearing to be held April 28th, 1925."

Pursuant to this notice, at a regular meeting of the township committee on the day and at the time fixed in the notice, a hearing was had, the clerk first announcing that a hearing would be had on the ordinance, which he proceeded to read. After the clerk had read the ordinance in full the chairman asked if there was anyone present who desired to be heard with reference thereto, and, receiving no response, upon motion duly made that the "hearing be closed and ordinance proceed to first reading," was unanimously adopted. The ordinance was then given it first reading, when one of the township committee moved to amend the description "as printed in the notice of public hearing after the word monument," &c. The amendment was adopted. A

motion was then made and carried that the ordinance, as amended, pass first reading.

A resolution was then offered that the ordinance, as amended, be published in the "Interboro News" in its issue of May 1st, which was unanimously adopted. A hearing on the amended ordinance was advertised on May 1st, 1925, the notice stating the time and place for its consideration, May 5th, 1925. At a regular meeting of the township committee on the latter date for a public hearing and a second reading of the ordinance, a motion was made that the ordinance be passed to a second reading, which was carried. The ordinance was then taken up for a third and final reading, and was passed by an unanimous vote.

The facts, as above detailed, seem to me to be all that are required to be considered in dealing with the objections raised against the validity of the ordinance. Those facts relating to the resolution authorizing the contract will be later referred to and receive a separate consideration.

The specific objections urged against the validity of the ordinance, in the brief submitted on behalf of the prosecutrix, under the point that the proceedings for the passage of the ordinance were *irregular and contrary to law*, and, hence, that all proceedings based thereon are void, are—(1) the ordinance was not introduced and passed on first reading, but it was published with a notice, as required by paragraph (a). *Pamph. L.* 1925, *p.* 392.

Subsection (a) of section 1 of the act of 1925, *inter alia,* provides: "Every ordinance, after being introduced and having passed a first reading, shall be published, at least, once, * * * together with a notice of the introduction thereof and the time and place, when and where such ordinance will be further considered for final passage."

The apparent sense of this provision seems to me to be that an ordinance, after it has been introduced and has passed a first reading, is to be published, notice given, &c., not for another first reading and passage, but for a further consideration for final passage. In the present case the township committee did more than the law required it to do.

It gave notice of a hearing before the first reading and passage of the ordinance. It was at that hearing that the ordinance was first read, amended and adopted.

The township committee, however, after the first reading and adoption of the ordinance, as amended, caused another notice to be given of a hearing on May 5th, at which time it would take up for consideration the final passage of the ordinance. This seems to me cured any defect by reason of the premature notice of a public hearing before the first reading and passage of the ordinance, and was a substantial compliance with the provisions of the statute. I can see no harm in having afforded the taxpayers of the township a double opportunity to protest against the passage of the ordinance.

In fact, the township did more than the law required of it, in order to pass an ordinance on which the people of the township had been fully heard.

2. Next, it is urged that since the minutes of the township committee do not show that a hearing upon the ordinance, as amended, was given on May 5th, 1925, it must be accepted as a fact that no hearing was given. While it is true that the minutes of May 5th are silent on the subject as to whether or not a public hearing was had, the presumption is that the committee did what the law required it to do, in the absence of any proof to the contrary. Moreover, it appears that the notice of April 28th, designated May 5th as the date for a public hearing, and that the township committee met on that day, when the ordinance, as amended, was read, and it does not appear that there was any objection to or protest made against its passage, and the legal presumption is that none was made. The contention that the minutes show that no opportunity for hearing was given at the meeting of May 5th is not borne out by any proven fact appearing in the record, nor by the minutes.

If no opportunity was afforded to objecting taxpayers to the contemplated public improvement, the burden of establishing this was on those who make the assertion. As, has already been said, there is nothing in the record before me

which in the slightest intimates that a full and fair hearing was not had. There are some minor objections made to the regularity of the proceedings, which seem to me so palpably without merit as to need no comment. My conclusion is that the procedure was in substantial compliance with the requirements of the Home Rule act, as amended in 1925. *Pamph. L.* 1925, *p.* 393.

On behalf of the prosecutrix it is further insisted that the ordinance as adopted is in excess of the powers of the township committee, in that it provides for the acquisition of more lands than are reasonably necessary.

There is no merit in this contention. Under the Home Rule act (*Pamph. L.* 1917, *p.* 365) section 1 provides that every municipality shall have power to erect or otherwise acquire such building or buildings as may be necessary and suitable for the transaction of municipal business, * * * or for any other municipal or public use or purpose whatsoever, and to acquire the necessary land for any such building or addition thereto, and for suitable grounds surrounding the same by purchase, gift or condemnation.

It is argued that the power is not to acquire *any* lands, but only such lands as are necessary for such building or buildings as may be necessary and suitable for the transaction of municipal business, * * * or for any other municipal or public use and for suitable grounds surrounding the same, and that before a municipality can acquire lands for the purpose indicated, it must appear that the building or buildings are necessary for the transaction of the municipal business or other municipal public use or purpose.

In the brief of the prosecutrix it is conceded that the present town hall is inadequate for the township purpose, and the pith of the objection is that the acquiring of seven acres is not necessary for a town hall and suitable grounds surrounding the same.

It must be conceded that the fact what land is reasonably necessary to be acquired for the location of a town hall and suitable grounds surrounding the same, rests in the sound discretion of the governing body. In the exercise of this

discretion, not only the present needs of the township are to be considered, but also its future requirements, all of which must be determined by various circumstances and conditions, such as the present population of the township, the present volume of its municipal business and the tendency of the township to rapid growth and development, requiring additional municipal buildings for the proper transaction of its municipal affairs.

I cannot say from aught that appears in the record that seven acres of land is or is not reasonably necessary for municipal purposes. The township committee by its action thinks that it is, and has so declared. Its judgment in this respect is not reviewable, unless it is made to appear that the committee in arriving at its decision proceeded upon some erroneous legal principle or was actuated by fraud, and, as no such claim has been made, its official action cannot be properly disturbed.

The claim that the ordinance is illegal and void for uncertainty and indefiniteness, is, also, unsubstantial.

What is now attempted to be done by the township committee, by ordinance, is to purchase the property, and, necessarily, it can only declare in a general way what the acquisition of the land is for, namely, "the erection of a building and additions thereon for use by the township of Teaneck for any municipal or public business." Section 2 of the ordinance ordains that the township committee of the township of Teaneck is empowered and authorized to prepare plans and specifications and have erected upon said land a building and additions for use by the township of Teaneck for any municipal or public business.

In the description of the land to be acquired after describing it by metes and bounds, reference is made to "all that lot, tract or parcel of land as shown on "map of portion of the property of estate of William Phelps, township of Teaneck, Bergen county, New Jersey, date April 27th, 1925, Myron Herrick, C. E., and containing seven acres." I think, also, that the ordinance sufficiently and explicitly sets forth that the appropriation of $130,000 is destined for the

purchase of the land and the erection of the required municipal buildings thereon.

The contention on behalf of the prosecutrix further is, that the township committee had no power to acquire the lands subject to restrictions or conditions by resolution, although it is conceded that, by virtue of section 12 of article 18 of the Home Rule act (*Pamph. L.* 1917, *p.* 367), a municipality may acquire real property subject to conditions or limitations as to the use of such property by the municipality, or restrictions imposed by the person or corporation from which the municipality shall acquire the same, providing that the governing body shall, by ordinance or resolution, express its willingness that the same be so acquired. The argument advanced in support of such a theory is that the restrictions or limitations should have been contained in the ordinance, and, as this was not done, it could not be accomplished by a resolution subsequently adopted, but required an additional ordinance to give effect to the former one, since, under the general legal rule, the provisions of an ordinance cannot be modified by a resolution.

The fallacy of this argument consists, in the assumption of counsel of the prosecutrix, that the resolution is in modification of the ordinance. But I do not consider the resolution in any such aspect, but regard it as another step taken by the township committee to carry into effect the provisions of the ordinance. The acquisition of the property having been determined upon by the ordinance in question, the next regular step to be taken by the township committee was to acquire title thereto by the township. This it proceeded to do, as it seems to me, in a manner authorized by section 12 of article 18 of the Home Rule act, *supra*.

The contract for the purchase of the property contains this clause: "Municipal buildings only shall be erected on said premises with such additions as the governing body of the township of Teaneck may deem advisable to make thereto from time to time, but no such municipal buildings or additions thereto, however, shall be erected on said premises at any time, without the written consent of the estate of Wil-

liam Walter Phelps, Incorporated, first being had and obtained for that purpose by the party of the second part." This restriction, however, was subsequently, on June 4th, 1925, by a letter written by the Phelps' estate to the township committee materially modified, and, in place of the restriction contained in the contract, there were substituted restrictions, which, it seems to me, if faithfully observed, would enure to the benefit and welfare of the inhabitants of the township.

The legal efficacy of the resolution is further attacked upon the ground that it was prematurely passed. There is no merit in this objection.

The record shows that the contract entered into between the township and the Phelps' estate on May 7th, 1925, was, on June 4th, 1925, amended so as to conform to the letter of that date received from the estate substituting the restrictions contained in that letter for the one contained in the original contract, which transaction, in legal effect, was the entering into a new contract. Even upon the theory that the resolution of May 7th was prematurely passed, I think the resolution of June 4th, 1925 cured the blemish, if any, in the proceedings, as to both the passage of the original resolution and the making of the contract. The last section of the Home Rule act provides that, in construing the provisions, "all courts shall construe the same most favorable to municipalities."

It has not been made clear to me by the elaborate and able argument of counsel of the prosecutrix that the township committee, in its procedural course, for the adoption of the ordinance and resolution, failed to observe any of the essential statutory directions applicable thereto, nor am I satisfied that any one of the alleged irregularies in the proceedings is of such a nature so as to work, or tend to work, to the injury or to the prejudice of the taxpayer or to the community in general, and I am strongly impressed with the view that, unless the irregularities in the proceedings are of such a character so as to be prejudicial to the rights of the taxpayer or citizen, or in clear violation of the legislative policy,

a municipality should not be put to the undertaking of a new procedure, purged of harmless irregularities, the costs of which fall upon the taxpayers, and where it is apparent that no other result can properly follow than the one that did under the original proceeding.

For the reasons given, the *certiorari* in each case is dismissed, with costs.