RUTH E. STIRLING AND NORMAN W. STIRLING, HER HUS-
BAND, PROSECUTORS-RESPONDENTS, v. CITY OF
PLAINFIELD, A MUNICIPAL CORPORATION OF NEW
JERSEY, DEFENDANT-APPELLANT.

Argued February 6, 1947—Decided June 27, 1947.

For the appellant, *Salvador Diana*.

For the respondents, *Carroll W. Hopkins*.

The opinion of the court was delivered by

McGeehan, J. The question raised by this appeal is
whether a zoning ordinance of the City of Plainfield was
validly enacted.

A zoning ordinance (Revision of 1933) was in effect in
Plainfield when, on October 1st, 1945, a revised zoning ordi-
nance was introduced for the first time, read and passed on
first reading. On October 15th, 1945, the date set, a public
hearing was held, at which time various objections were made
to the ordinance as published; whereupon, by resolution, the
public hearing was continued to November 5th, 1945. At the

public hearing on November 5th, 1945, a resolution was passed to amend the zoning ordinance under consideration. Among other changes, the amendments changed the classification of Block No. 1 from a "B" to a "D" residential zone. At a public hearing on November 19th, 1945, the zoning ordinance as amended was adopted by the Common Council, and on November 20th, 1945, was approved by the Mayor and thereafter duly published according to law. The ordinance introduced on October 1st, 1945, and the notice of the public hearing set for October 15th, 1945, were published on October 3d, 1945, in the Plainfield-Courier-News. The ordinance as amended on November 5th, 1945, and the notice of the public hearing set for November 19th, 1945, were published in the same newspaper on November 14th, 1945. Thus, the ordinance as introduced was published twelve days, and the ordinance as amended five days, before date set for hearing thereon.

The prosecutor below contended and the Supreme Court held that the ten day or more publication period mentioned in *R. S.* 40:55–34 applies not only to a zoning ordinance as introduced, but also to any amendment thereof made in the course of passage. Since publication of the ordinance as amended had been for only five days, the Supreme Court held it had not been validly enacted. In this the Supreme Court erred.

The procedure for the passage of municipal ordinances is set forth in *R. S.* 40:49–2, which appears in the Revised Statutes under the subtitle "Municipalities Generally" and the article title "Ordinances Generally." All municipal ordinances must comply with this procedure, except in so far as this procedure is changed in whole or part by other sections of the Revised Statutes or by statute enacted after the adoption of the Revised Statutes:

We think the legislative intent would be frustrated if we were to find in a particular enactment any change in the procedure provided in *R. S.* 40:49–2 for the passage of municipal ordinances which the language of the particular enactment does not clearly require.

As to publication and hearing, *R. S.* 40:49–2 provides:

"(a) Every ordinance after being introduced and having passed a first reading shall be published at least once in a newspaper published and circulating in the municipality, if there be one, and if not, in a newspaper printed in the county and circulating in the municipality, together with a notice of the introduction thereof and the time and place when and where it will be further considered for final passage. If there be only one such publication the same shall be at least one week prior to the time fixed for further consideration for final passage. If there be more than one such publication, the first shall be at least one week prior to the time fixed for further consideration for final passage.

"(b) At the time and place so stated in such publication, or at any time and place to which the meeting for the further consideration of the ordinance shall from time to time be adjourned, all persons interested shall be given an opportunity to be heard concerning the ordinance. Final passage thereof shall be at least ten days after the first reading.

"(c) At or after the hearing, the governing body may proceed to give the ordinance a second reading or amend it, and thereupon pass or reject it with or without amendment. If any amendment be adopted, substantially altering the substance of the ordinance, the ordinance as so amended shall not be finally adopted until at least one week thereafter, and the ordinance as amended shall be read at a meeting of the governing body, and shall be published, together with a notice of the introduction, and the time and place when and where the amended ordinance will be further considered for final passage, at least two days prior to the time so fixed. At the time and place so fixed, or at any other meeting to which the further consideration of the amended ordinance may be adjourned, the governing body may proceed to pass the ordinance, as amended, or again amend it in the same manner."

R. S. 40:55–34, which appears under the subtitle "Municipalities Generally" and the article title "Zoning" provides:

"No zoning ordinance shall be adopted, amended, or repealed until after public hearing thereon by the governing body or board of public works, at which parties in interest and citizens shall have an opportunity to be heard. Said

ordinance and notice of the time and place of hearing thereon shall be published at least once in an official newspaper, if there be one, or otherwise in a newspaper of general circulation in the municipality, and such publication shall take place ten or more days prior to such hearing."

We construe the language of *R. S.* 40:55–34 as referring to a new zoning ordinance, a zoning ordinance amending an existing zoning ordinance, or an ordinance repealing an existing zoning ordinance, and that the ten-day or more publication requirement applies to such an ordinance. The effect then of the publication provision of 40:55–34 is to change the publication provision of paragraph (a) of *R. S.* 40:49–2 so that ten days or more publication of such an ordinance is required instead of one week or more, but to leave unchanged the publication provision for an "ordinance as amended" during the course of passage as found in paragraph (c) of 40:49–2, namely, "at least two days prior to the time so fixed."

This distinction in the provisions for publication of an ordinance and such "ordinance as amended" during the course of passage was in effect (*Pamph. L.* 1926, *ch.* 228. § 1) at the time of the passage of *Pamph. L.* 1928, *ch.* 274, the source of present *R. S.* 40:55–34.

The judgment under appeal is reversed.

*For affirmance*—BODINE, DONGES, WACHENFELD, EASTWOOD, DILL, JJ. 5.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, HEHER, WELLS, FREUND, McGEEHAN, McLEAN, JJ. 7.