60 N.J. Super. 82 (1960)
158 A.2d 403
SAMUEL CATALANO, PLAINTIFF-RESPONDENT,
v.
PEMBERTON TOWNSHIP BOARD OF ADJUSTMENT, ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 13, 1959.
Decided February 24, 1960.
*85 Before Judges PRICE, SULLIVAN and FOLEY.
Mr. Martin L. Haines argued the cause for defendants-appellants (Mr. James Logan, Jr., attorney).
Mr. Salvatore J. Avena argued the cause for plaintiff-respondent.
The opinion of the court was delivered by PRICE, S.J.A.D.
By its appeal the Township of Pemberton seeks to reverse a judgment, entered in favor of plaintiff in the Superior Court, Law Division, in an action in lieu of prerogative writ, by which the court declared void a zoning ordinance of that township purportedly adopted June 4, 1954. By his complaint, filed April 25, 1957, plaintiff challenged the legality of the action of the defendant board of adjustment which, after a public hearing, had denied his application made April 2, 1957 for a variance to permit him to operate public "picnic grounds" as a commercial venture in an area restricted by the ordinance under attack to residential uses.
On the completion of the testimony in the trial court plaintiff abandoned the first and second counts of his complaint in which he had alleged that, in rejecting his application, the defendant board of adjustment acted "wilfully" and in "gross abuse of its discretion," and relied only on the third count, which incorporated that portion of the first count, reciting plaintiff's application for a permit to operate *86 "Picnic Grounds," and then charged that the "Board of Adjustment, responding to the application hereby [sic] referred to acted ultra-vires in that the ordinance heretofore referred to was and still is a nullity, more particularly the same never having been duly enacted in the law as required by New Jersey Statutes Annotated." At the trial plaintiff contended that the ordinance had not been "introduced" at a township committee meeting and had not "passed a first reading," as required by the then applicable law (R.S. 40:49-2, since amended, L. 1955, c. 121), nor had it been finally legally adopted as required by said statute.
Defendant township committee contended that the ordinance had been "introduced" and "passed a first reading" on May 18, 1954 at a "joint" meeting then held by it and the township planning board. Plaintiff countered that as a matter of fact no meeting of the township committee had been held on that date. The trial court so found, and as a consequence adjudged that the defendant committee "had not complied" with the applicable statutory requirements referable to the passage of an ordinance and determined that the ordinance in question was "void and without legal effect."
In support of its appeal the township contended that: (a) the trial court's finding that the ordinance was void was against the weight of the evidence; (b) the court erred in refusing to hold that, despite the non-existence of minutes of the township committee showing that a meeting of that body was held May 18, 1954, parol evidence established that such a meeting had been held and that the challenged ordinance had then been "introduced" and "passed a first reading"; (c) plaintiff failed to commence his action "within the time required by R.R. 4:88-15"; (d) plaintiff was barred by laches and was estopped from attacking the validity of the zoning ordinance; (e) the trial court erred in refusing to permit plaintiff to supplement the record pursuant to R.R. 4:62-2(f); and (f) the trial court erroneously permitted certain of plaintiff's witnesses to testify although they had not been named in answer to defendant's interrogatories.
*87 The laxness of the municipal proceedings, challenged in the instant action, is demonstrated by the facts revealed by the record. The minute book of the township committee contained no minutes of a meeting of that body on May 18, 1954. Minutes of an alleged planning board meeting on that date were as follows:
"May 18th, 1954
A meeting of the Planning Board was held with the following being present [names of members listed].
All requests for permits were approved and authorizations issued.
On motion by Mr. Haines the Zoning Ordinance be introduced and hearing on same on June 8th, at 8 P.M. A group from Laurel Mano [sic] was present and protested the 8' side line.
The meeting adjourned. [planning board secretary's signature followed]."
The trial court rejected the municipality's contention that it should consider the aforesaid zoning ordinance reference appearing in the planning board minutes of May 18 as an effective substitute for minutes reflecting the alleged action of the township committee on that date.
Other evidence before the trial court included a printed copy of the newspaper publication of the ordinance on May 26, 1954. That publication contained a written statement that the ordinance had been "introduced" at a meeting of the township committee on May 18, 1954, and would be "considered for final passage after public hearing at a meeting of the said Township Committee * * * on Friday, June 4, 1954 at 8:00 P.M.," despite the fact that the planning board minutes, on which the municipality relied as aforesaid, designated "June 8th" as the date when a public hearing on the ordinance would be held. The municipality suggested that the reference to the latter date in the aforesaid planning board minutes was the result of a typographical error.
The trial court received parol evidence offered by the municipality that there was a township committee meeting on May 18, 1954, and a full reading of the ordinance on that date. Plaintiff and two witnesses, who stated that *88 they were present on May 18, 1954 for a conference with planning board members, testified that not only was the zoning ordinance not then read but that no township committee meeting was then held as claimed by defendants.
The evidence demonstrated that the pertinent zoning map in its final form was not completed on May 18, 1954; in fact the zoning map bore the date of May 28, 1954. A professional associate of the township engineer testified that the zoning map was "made from" a township road map and did not "as finally formulated" come into "actual completed existence" until the period "between May 24th and May 28th, 1954." There was conflicting evidence, which the trial court found unnecessary to resolve, as to whether or not by reason of changes in the map it was completed in its final form even by June 4, 1954, the date the ordinance purportedly was adopted.
The original ordinance did not appear in a township "ordinance book." In fact it was conceded at trial that the township did not then have an "ordinance book" and that customarily ordinances were kept in the minute book. The original questioned ordinance did not even appear in that book and, in substitution therefor, a copy of the printed ordinance as it appeared in the legal advertisement in the newspaper had been placed in the minute book. The township clerk testified that he did not know the whereabouts of the original zoning ordinance.
The controversial date of May 18, 1954 was not the date of a regular meeting of the township committee. None of the witnesses on behalf of the township was able to testify as to the manner in which such alleged special meeting on that date was called or who called it. Admittedly the township clerk was not present on that date. The member of the planning board and the member of the township committee, who testified that a township committee meeting was held in conjunction with a planning board meeting on May 18, 1954, stated that, in the clerk's absence, a partner of the counsel for the township committee read the ordinance *89 and took notes of the proceedings at that meeting. However, the attorney, called as a witness for the municipality, had no recollection of so doing.
The trial court's aforesaid judgment, declaring the ordinance a nullity, was entered August 11, 1958. An appeal from said judgment was taken on August 21, 1958. Thereafter the municipality moved before us to have the trial record supplemented by including minutes of the alleged May 18, 1954 township committee meeting, as set forth and outlined in a resolution adopted by the township committee at its regular meeting held September 5, 1958. By this procedure the township contended that the "correction of the minutes," "nunc pro tunc," would have "the effect of reinstating the zoning ordinance and establishing it as law, thereby controlling the decision to be made in this appeal." We denied the motion on October 21, 1958, without prejudice to an application by defendant to the trial court seeking the desired "correction" of the records of the township committee. In remanding the cause to permit such motion to be made before the trial court we stated that we expressed no view as to the propriety of or justification for the municipality's proposed motion or as to the effect thereof if granted. Pursuant to the order of remand, the township on November 21, 1958 asked the trial court to open its aforesaid judgment so that the record might be supplemented by receipt of minutes of the alleged meeting of May 18, 1954, specifically adopted as such by the aforesaid resolution of September 5, 1958. The trial court held that the suggested minutes were of no legal effect and, on May 1, 1959, denied the township's motion to reopen its judgment. This action, as above noted, is also challenged by appellant as erroneous.
We are of the opinion that the trial court, under the authority of Campbell v. City of Hackensack, 115 N.J.L. 209, 214 (E. & A. 1935), and State ex rel. Wm. Eckelmann, Inc. v. Jones, 4 N.J. 207, 213 (1950), would have been fully justified in refusing to receive testimony seeking to *90 create minutes of the alleged township committee meeting of May 18, 1954. However, an examination of the record shows that parol testimony, referable to those proceedings, was first elicited by appellant's counsel in cross-examination of plaintiff. Thereafter, without objection from plaintiff, one of the three members of the township committee, a member of the planning board and the clerk thereof gave testimony on behalf of the municipality that there was a meeting on that date. The planning board member described the meeting as a "joint" meeting of the township committee and of the planning board. The township committee member described the meeting as "primarily a Township Meeting, with Planning Board included." The planning board clerk described it as a "[j]oint meeting of the Township Committee and the Planning Board * * *." On this testimony, which included evidence that the ordinance was then read, and on the strength of the aforesaid planning board minutes, appellant rested its claim that it had established the fact that such a meeting was held and that the ordinance was "introduced" and "passed a first reading" in accordance with the requirements of the then applicable statute. The remaining members of the township committee, although stated in the planning board minutes to have been present on May 18, 1954, were not called by the municipality as witnesses.
In Campbell, supra (115 N.J.L., at pages 214, 215) the court stated:
"[T]he soundness of the legal principle that parol evidence cannot be invoked to alter or supplement the written record of a municipality does not seem to admit of serious dispute.

* * * * * * * *
Viewed from any aspect, the doctrine that the official minutes of a municipal body may be altered or supplemented by parol evidence seems to be a dangerous one and capable of introducing havoc and instability into the conduct of the business of a municipality."
Appellant urges that the holding in the above cited case does not here apply as it is not seeking to alter or supplement *91 the written record of a municipality but to supply a record where none existed. The court rejected this suggested difference as a controlling factor and held that, under the circumstances existing in the case at bar, minutes expressing municipal action could not be established by parol evidence. The court noted that under R.S. 40:145-4 "[t]he township clerk shall act as clerk of the township committee and keep a record of its proceedings." He held that "where a municipal governing body is required to keep a record of its proceedings, the record is the only competent proof of its actions," and that the fact that there were no minutes of the governing body which complied with the statute "forces the conclusion that this ordinance is void."
The trial court, however, went further in its conclusions and assayed the parol evidence which had been received as aforesaid and found it was so "inconclusive" that the court determined "without question" that there was no township committee meeting held on May 18, 1954 and consequently it adjudged that there was a failure to comply "with the statutory requirements for the passage of an ordinance * * *" and that as a result the purported ordinance was "void and without legal effect."
The township, in seeking to justify the recognition of parol evidence in the case at bar, relies in part on State (Vail, Prosecutor) v. Bentley, 23 N.J.L. 532 (Sup. Ct. 1852); Barr v. City of New Brunswick, 58 N.J.L. 255 (Sup. Ct. 1895), and Campbell v. Township Committee of Teaneck Township, in Bergen County, 101 N.J.L. 461 (Sup. Ct. 1925). In Bentley, objection was made to certain municipal action based on proceedings of a town meeting as they appeared in the clerk's book, but which failed to state a date when the meeting was held. The clerk's record was otherwise unchallenged. The court held that the date of a meeting which actually was held could be supplied by parol evidence.
In Barr the claim was made that an ordinance was not published in the manner required by the city charter. Proofs *92 were taken to show such publication, but it was urged that "publication must not only be made but it must appear as a jurisdictional fact that proof of publication was laid before the common council before it could pass the ordinance." The court held (58 N.J.L., at page 261) that "it need not appear in the minutes of the proceedings of council that publication was made, if it be shown aliunde that publication in fact was made." Neither of the cited cases can justify the recognition of the parol evidence here involved, i.e., proofs which seek not only to establish the holding of a meeting of which there is no official record, but attempt also to prove actions allegedly then taken, of which there are no minutes.
In Campbell v. Teaneck, supra, existing minutes of a meeting of the governing body did not state that the public hearing upon the ordinance there challenged had been given. However, it appeared that the published notice of the hearing designated a specific date therefor and the township committee met on that day and the ordinance was then read. The court held that the contention that "no opportunity for hearing" was given at that meeting was not "borne out by any proven fact appearing in the record, nor by the minutes." It is clear that the factual situation in the last cited case bears no just comparison with the situation existing in the case at bar. It is significant to note, however, that in Campbell v. Teaneck, supra, the court defining the type of irregularity which would not be deemed destructive of the municipal proceedings, expressed itself as follows (101 N.J.L., at pages 469-470):
"It has not been made clear to me by the elaborate and able argument of counsel of the prosecutrix that the township committee, in its procedural course, for the adoption of the ordinance and resolution, failed to observe any of the essential statutory directions applicable thereto, nor am I satisfied that any one of the alleged irregularities [sic] in the proceedings is of such a nature so as to work, or tend to work, to the injury or to the prejudice of the taxpayer, or to the community in general, and I am strongly impressed with the view that, unless the irregularities in the proceedings are of such *93 a character so as to be prejudicial to the rights of the taxpayer or citizen, or in clear violation of the legislative policy, a municipality should not be put to the undertaking of a new procedure, purged of harmless irregularities, the costs of which fall upon the taxpayers, and where it is apparent that no other result can properly follow than the one that did, under the original proceeding."
We are in accord with the trial court's determination that parol evidence cannot be the basis for creating minutes reflecting alleged municipal action where the basic evidence sought to be so supplied is of such a fundamental character that it cannot be characterized simply as involving procedural items omitted from existing minutes. Here it is sought to utilize parol evidence to create and supply proofs so vital that the validity of the ordinance is made to rest thereon. To recognize the propriety of the aforesaid parol evidence to establish actions of the committee alleged to have been taken at a meeting on May 18, 1954 (the actual holding of which is in issue) would render nugatory the requirements of the statute that the clerk of the township shall "keep a record" of the proceedings of the governing body, a requirement which, contrary to the appellant's contention, we deem mandatory (R.S. 40:145-4). The purpose of the statute would be defeated if fundamental official action of the nature here involved were permitted to rest upon parol evidence depending on the existence of living witnesses and on proofs which might fluctuate with their conflicting memories.
Defendant further contends that the judgment is against the weight of the evidence. The scope of our review of the challenged judgment is defined by R.R. 1:5-4(b); R.R. 2:5 and decisions interpreting and applying it. Donovan v. Gabriel and Gruber, 57 N.J. Super. 542, 553 (App. Div. 1959); Scott v. Bodnar, 52 N.J. Super. 439, 446 (App. Div. 1958), certification denied 29 N.J. 136 (1959); Stamen v. Metropolitan Life Ins. Co., 41 N.J. Super. 135, 141 (App. Div. 1956); State v. Taylor, 38 N.J. Super. 6, 21 (App. Div. 1955); Capone v. Norton, 11 N.J. Super. 189, 193 (App. Div. 1951), affirmed 8 N.J. *94 54 (1951). In our independent examination of the record we have assayed all of the evidence including the parol evidence to which reference has heretofore been made, the receipt of which the trial court declared in its conclusions as having been permitted in its desire to make a "liberal allowance * * * in the acceptance of testimony which in any way was remotely relevant."
From our analysis of all of the evidence we have no doubt that the three members of the township committee were present on May 18, 1954. Their names appear in the list of planning board members stated in the minutes of that body to have been in attendance at its meeting on that date, but that does not establish that a formal meeting of the township committee was then held. We also have no doubt that the evidence justifies a finding that the committee members and the planning board members were then in conference with reference to a prospective zoning ordinance, but for this court to find that a formal township committee meeting was then held and that the zoning ordinance was then "introduced" and "passed a first reading" it would have to ignore or discount other vital facts which were before the trial court many of which were unchallenged.
Apart from the testimony by plaintiff and witnesses on his behalf negating the holding of such a meeting or the introduction and reading of the zoning ordinance, the basic fact is that there is no record of the meeting in the township committee minute book; the clerk of the committee was not present; as noted, there was no evidence whatever as to the identity of the person who called the alleged meeting or how or under what circumstances it was called; the testimony of the aforesaid attorney contained no confirmation that the ordinance had been read at the meeting of May 18, 1954, or that the minutes of that meeting had been taken by him; in fact he had no recollection that he had attended such a meeting; the zoning ordinance does not appear in the minute book which the committee then also used as a substitute for an ordinance book; the zoning *95 map bore a date 10 days after the date of the alleged meeting when the zoning ordinance to which it purportedly related was allegedly introduced; that the completion of the map was not accomplished until after May 18, 1954 was clearly shown; the scheduled date for the public hearing on the ordinance as expressed in the planning board minutes was at variance with the actual date of the hearing set forth in the notice thereof. Although not emphasized in the trial court's conclusions, despite reference thereto at trial, we note that the publication of the ordinance occurred on May 26, 1954, nine days before the scheduled hearing thereon, contrary to the provisions of R.S. 40:55-34. Stirling v. City of Plainfield, 136 N.J.L. 38, 40-41 (E. & A. 1947). Within the scope of the aforesaid rule and the cited decisions we find ample justification for the trial court's findings of fact and express our accord therewith.
Defendant further contends that plaintiff's action should be barred by his failure to institute it within the time provided in "R.R. 4:88-15 (as it existed in 1954)." The trial court, resolving this contention against the municipality, held that plaintiff's action was timely brought following the denial of the variance. In its opinion the court stated that the "validity of this ordinance was not a matter of concern to the plaintiff until such time as it affected his legal rights. When it did so affect them he properly placed the validity of the ordinance in issue * * *." In its opinion disposing of plaintiff's aforesaid application to reopen the judgment, the trial court made the following further statement in connection with appellant's contention:
"Counsel again argues the status of the plaintiff in attacking the validity of this alleged ordinance. The Court has heretofore determined the ordinance has no legal standing. The Court does not believe that a nullity should be given legal support under any legal theory. To rule otherwise as to the acts of municipal governing bodies would open the floodgates to all forms of evasions of the law."
We hold that plaintiff's action should not be barred by the time limitation set forth in the foregoing rule. Preliminarily *96 it is to be noted that the first and second counts of the complaint treat the zoning ordinance in question as a valid subsisting enactment. In the first count plaintiff sought to reverse the board of adjustment's denial of a variance. He alleged therein that his application for the variance was made "pursuant" to and "in accordance with the terms" of the ordinance. In the second count he sought to compel the issuance by the board of adjustment of a "permit" to "operate * * * Picnic Grounds," based on the claim that he had "been engaged in a non-conforming use." We observe that the trial court during the course of the hearing noted the illogical basis for the relief sought by that count. In contrast, the third count challenged the legality of the ordinance itself because of its alleged improper enactment. Despite the ineptness of the language of the complaint we conceive that plaintiff's action under the third count was in essence a direct and not a collateral attack on the ordinance. This, however, does not lead to the conclusion that plaintiff's action was not timely brought within the then applicable rule, for, even prior to the amendment of the rule by R.R. 4:88-15(c), it was recognized that cases in which ultra vires acts, or acts affecting the constitutional rights of a plaintiff, were found to exist were not barred by the time limitation provided in the rule. Oldfield v. Stoeco Homes, Inc., 26 N.J. 246, 262 (1958); McKenna v. New Jersey Highway Authority, 19 N.J. 270, 276 (1955); Holloway v. Pennsauken Tp., 12 N.J. 371, 375 (1953); cf. Thornton v. Village of Ridgewood, 17 N.J. 499, 510 (1955); Marini v. Borough of Wanaque, 37 N.J. Super. 32, 41 (App. Div. 1955). See also Rutan Estates, Inc. v. Town of Belleville, 56 N.J. Super. 330, 336-337 (App. Div. 1959), certification denied 30 N.J. 601 (1959).
We conceive that the failure to observe the fundamental statutory provisions referable to the enactment of the ordinance in question deprived plaintiff of his constitutional *97 rights. U.S. Const., Amend. XIV, § 1. Strict adherence to those statutory provisions is mandatory. Stirling v. City of Plainfield, supra, 136 N.J.L., at page 39; Bruno v. Borough of Shrewsbury, 2 N.J. Super. 550, 554 (Law Div. 1949); Delaware & Atl. Tel. Co. v. Committee of Pensauken, 67 N.J.L. 91 (Sup. Ct. 1901), affirmed 67 N.J.L. 531 (E. & A. 1902).
For similar reasons we also find no merit in appellant's contention that plaintiff's claim is barred by the doctrines of laches and estoppel, defenses concededly not raised before the trial court. The asserted defenses cannot be recognized if the result thereof is to give "vitality" to an ordinance which, for the reasons stated, "never came into legal being." Cf. West Essex Bldg. &c., Ass'n v. Borough of Caldwell, 112 N.J.L. 466, 471 (Sup. Ct. 1934), affirmed 113 N.J.L. 398 (E. & A. 1934); State (Odgen, Prosecutor) v. Mayor, etc. of City of Hudson, 29 N.J.L. 475, 478 (E. & A. 1861), and V.F. Zahodiakin Engineering Corp. v. Zoning Board of Adjustment, Summit, 8 N.J. 386, 395 (1952).
Appellant next contends that witnesses called by plaintiff in rebuttal should have been barred by the trial court from giving testimony by reason of the provisions of R.R. 4:23-12. The trial court properly overruled defendant's objection to their testimony. In the exercise of its discretion it held that the plaintiff could not reasonably have anticipated that the township would seek to establish through parol evidence the holding of a meeting on May 18, 1954. It had been stipulated in the pretrial order that the minutes of that meeting would be presented.
Finally, appellant alleges that the trial court erred in refusing to permit the judgment to be opened and the record to be supplemented by the addition of minutes of the alleged meeting of May 18, 1954, approved by resolution adopted by the township committee September 5, 1958. Plaintiff based his application on R.R. 4:62-2(f). The trial court in rejecting appellant's application to supplement *98 the record made the following statement, with which we concur:
"The resolution of September 5, 1958, to establish there was a township committee meeting on May 18, 1954, and by such resolution to establish a portion of the minutes of such an alleged meeting including a record for the adoption of the ordinance on first reading and other statutory requirements, has no legal effect.

* * * * * * * *
To permit a municipal governing body to supply four years later what it should have done and did not do at a previous time would violate all legal principles established as guides for municipal action. This effort is not a correction or amendment. The defendants seek to create that which heretofore never was in existence."
Appellant has stressed the presumption of regularity which attaches to such municipal action, as is here involved. Such presumption is not conclusive, and "may be eradicated by affirmative proof that the ordinance was not enacted in obedience to the requisite formalities." Manning v. Borough of Paramus, 37 N.J. Super. 574, 579, 580 (App. Div. 1955). Such is the situation in the case at bar.
The judgment of the trial court is affirmed.