ALBERT FOGG

*v.*

OCEAN CITY SEWER COMPANY.

[Decided April 11th, 1907.]

1. The official record of the contents of an ordinance may not be varied by parol.

2. A paper, entitled "Application for Sewer Attachment," executed by a property owner and a sewer company, providing that the company agrees to allow the owner to make attachment of his property to the main sewer pipe, sewer to be used at named rates per year, and that the owner makes application for sewer attachment as above, and agrees to comply with all the company's present and future rules relative to the use of sewer, is a license to connect, and an arrangement from year to year only, so that the company, on giving due notice, can charge a higher rate for subsequent years, up to the limit allowed by ordinance.

Heard on bill, answer, replication and proofs.

*Messrs. Bourgeois & Sooy,* for the complainant.

*Messrs. Thompson & Cole,* for the defendant.

GARRISON, V. C.

Ocean City, in the year 1893, was a borough, having been incorporated under the Seaside Borough act. *1 Gen. Stat. p. 254.* On the 28th day of April, 1893, the council of the said borough passed an ordinance over the veto of its mayor dealing with the Ocean City Sewer Company. The original ordinance as laid before the mayor, acted upon by him and returned to council, is lost. The complainant introduced into evidence the ordinance book of the said borough. The clerk is, by the statute in question, required to keep such a book, in which he is to record the ordinances as passed. From this exhibit it appears that the borough, by the ordinance in question, granted certain

powers and privileges in the streets to the said sewer company, and in the eighth paragraph thereof provided as follows:

"That the said company charge and collect in advance, for the use of said sewer service, as follows: For hotels or boarding-houses, seventy-five (75) cents per annum for each sleeping-room, not exceeding thirty, and fifty (50) cents per annum for each additional sleeping-room over said number; private dwellings or cottages, seventy-five (75) cents per annum for each room, not exceeding ten, and fifty (50) cents per annum for each additional room over said number."

Under the Borough act aforesaid it was necessary, before the ordinance became effective, that it be published for two weeks, and such publication was duly made, and copy thereof was introduced into evidence, and is an exact copy of the ordinance as it appears in the ordinance book.

The complainant in 1893 was the owner of certain houses in the borough of Ocean City. In 1895 a writing was executed between the complainant, through the plumbers with whom he had contracted to do the plumbing in his houses as his agents, and the sewer company, which, in its material parts, is as follows:

"APPLICATION FOR SEWER ATTACHMENT.

"OCEAN CITY SEWER CO.

"OCEAN CITY, N. J., June 15th, 1895.

"The Ocean City Sewer Company hereby agrees to allow Smith & Thorn to make attachment to the main sewer pipe　*　*　*　Owner of property, Albert Fogg.　*　*　*　Full number of sleeping-rooms, 4 rooms in each cottage, 5 cottages, 20 rooms in all. Sewer to be used at the following rates per annum:

All sleeping-rooms of 30 or under, in hotels or boarding-houses..$.75 each
All sleeping-rooms over 30.................................$.50 "
All sleeping rooms of 10 or under, in private dwellings........$.75 "
All sleeping-rooms over 10, in private dwellings................$.50 "

"I do hereby make application for a sewer attachment as above, and do grant permission to enter premises for all purposes relating to said sewerage, and do agree to conform to and comply with all laws, resolutions, rules and regulations which have been or may at any time hereafter be enacted relative to the use of sewerage.

"(Signed)　　　ALBERT FOGG.
"H. C. SMITH."

By the ninth section of the ordinance it was provided that if the company did not change the outlet of its sewers before the expiration of ten years from the passage of the ordinance it must reduce the schedule of rates as provided in paragraph 8 twenty per cent. The ten years' period expired in 1903. The company did not change the outlet of its sewers. In 1903, therefore, the company was not empowered, under the ordinance, to charge more than the schedule in paragraph 8, less twenty per cent.

Beginning in 1903 the company rendered bills to the complainant for his sewer connections for the private houses or cottages owned by him upon the basis of the number of rooms contained in each cottage. Up to that time and during the ten years' period from the passage of the ordinance its bills had always been based upon the number of sleeping-rooms in each of such private houses or cottages.

It is the contention of the complainant that the company has no right in the premises to charge him for each house any more than seventy-five cents per sleeping-room, less twenty per cent. The complainant seeks to justify this position by the contention that the original ordinance considered by council, vetoed by the mayor and passed over the latter's veto, contained the word "sleeping" before the word "room" or "rooms" in the paragraph relating to the rates to be charged for private dwellings or cottages. He argues that since the paper upon which the original ordinance was printed or written has been lost, he has the right to introduce evidence of a secondary nature as to the contents thereof, and he called two of the members of the borough council, who were members at the time that the ordinance was passed over the mayor's veto on the 28th of April, 1893, to endeavor to prove that the word "sleeping" was in the original paper.

At that time the council consisted of five members.

Before the complainant can prevail it must be first settled in his favor as a matter of law that the official record of the contents of an enactment may be varied by parol evidence. It is conclusively settled in this state that it may not. *Bloomfield* v. *Board of Chosen Freeholders of Middlesex County, 74 N. J. Law (45 Vr.) 261 (Supreme Court, 1907)*, and cases there cited.

Even were the law otherwise, I do not think that the complainant in this case has proven the fact for which he contends.

This leaves for consideration the question as to whether or not the written paper, dated June 15th, 1895, is a contract between the complainant and defendant of such a nature and kind, and of such duration that the defendant, under it, is bound to continue to furnish service at the rate of seventy-five cents per sleeping-room for each of the houses of the complainant in said paper mentioned.

I think the effect of that paper-writing and the conduct of the parties was to license the complainant to connect with the sewage system of the defendant at the prices therein mentioned. *Fogg* v. *Ocean City, 74 N. J. L. (45 Vr.) 362* (*Supreme Court, 1907*). That there was not constituted thereby a continuing contract of perpetual duration; that in effect the arrangement between the parties was from year to year. Under the ordinance the rates were to be paid in advance. The complainant was not bound to connect, or to continue a connection once made. If he chose to act upon the license he could do so, and then became bound to pay the rates specified in the paper. He could discontinue the connection without subjecting himself to any claim for damages on the part of the defendant.

The defendant, on its part, was bound to furnish the service at the rates specified for any year it served the complainant until it gave due notice of a change of rates for an ensuing year. It had the right, up to the limit authorized by the ordinance, to change the rates. It was not bound by a definite binding contract perpetually to serve at the rates mentioned in the paper-writing.

Since the complainant fails to prove that the charges were unauthorized, he fails to make out a case, and his bill must be dismissed, with costs.