FRANK CAMPBELL, PLAINTIFF-RESPONDENT, v. CITY OF HACKENSACK, DEFENDANT-APPELLANT.

Argued February 8, 1935—Decided May 17, 1935.

For the appellant, *Harry Lane* (*Robert Carey* and *Donald M. Waesche,* on the brief).

For the respondent, *John J. Breslin, Jr.* (*Edward O. West* and *James A. Major,* on the brief).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The city of Hackensack, defendant below, appeals from a judgment entered against it in the Bergen County Circuit Court in favor of the plaintiff, for engineering services, in the sum of $21,777.12.

The complaint, in nine counts, alleges services rendered by the plaintiff, under contract, express and implied, with the defendant municipality, on certain public improvements that were subsequently abandoned or at least not undertaken. Three of the counts, embodying claims based upon *quantum meruit,* were relinquished at the trial, leaving the six which are founded on express contract between the parties.

The defendant, in answer, denied the contract asserted by the plaintiff and counter-claimed, charging plaintiff was overpaid for services rendered as to two certain public improvements done under his supervision.

The plaintiff's averment is that he was, by resolution of the governing body, appointed city engineer of Hackensack on January 1st, 1925, and served continuously until January,

1932, pursuant to an express agreement that as compensation he was to receive ten per cent. of the cost of public improvements made by the city. His service for this compensation included preparation of plans and specifications, profiles and grade maps, supervision and inspection of the work. Apparently, several contracts were completed under his direction and for these he has been paid ten per cent. of the cost thereof for his services; indeed, as the defendant in its counter-claim averred, his compensation exceeded that percentage of the cost. That, however, is not important at the moment.

The complaint further alleges that the agreement between the parties provided that in the event that plans and specifications were prepared by the plaintiff, but the contemplated work not undertaken, he was none the less to be paid two and one-half per cent. of the estimated cost of such work; that from time to time he did prepare plans, specifications, maps and the like, for proposed public improvements which were not undertaken and therefore, under the agreement, became entitled to two and one-half per cent. of the estimated or bid price of such work. The defendant denied that there was any agreement to pay the plaintiff for preliminary work done in anticipation of public improvements which were not undertaken. The official minutes of the defendant municipality contain no record of a resolution that supports the assertion of the plaintiff that he was retained as engineer on these terms. The plaintiff produced witnesses who testified that notwithstanding the silence of the municipal minutes on the matter such municipal action was taken and the question for determination is whether the official minutes of a municipality may be altered or, to state it more accurately, supplemented by parol evidence.

The trial court was of the opinion that parol evidence was competent to accomplish this purpose and, denying a motion for nonsuit, submitted the matter to the jury. In so doing, the court fell into reversible error.

As a general proposition, a municipality becomes bound either by formal, preliminary act authorizing a thing to be done or, in the absence of such preliminary act, by ratification.

The trial court, in support of the denial of the motion for nonsuit, relied upon *Potter* v. *Metuchen,* 108 *N. J. L.* 447. This was a suit against a municipality for repairs to a fire house. The contract was neither authorized nor ratified and a recovery was denied. In that opinion, the court classified our cases respecting contracts with municipalities, and, discussing the first class of such cases, said that where there is no lack of power in the municipal corporation, or its agents, to make the contract but the defect was in the irregular exercise of such power, a recovery may be had because one contracting with a public body, under such circumstances, is not obliged to scrutinize, at his peril, the corporate proceedings, citing *Wentink* v. *Passaic,* 66 *Id.* 65; *Tappan* v. *Long Branch,* 59 *Id.* 371; *Knapp* v. *Hoboken,* 38 *Id.* 371; *Bigelow* v. *Perth Amboy,* 25 *Id.* 297. None of these cases has any bearing on the issue before us.

In the Wentink case a contract was awarded to the plaintiff which, on review by *certiorari* prosecuted by the lowest bidder, was set aside. Plaintiff sued for the sum he had expended plus a reasonable profit on the contract. The court held that under these circumstances the plaintiff could not recover a reasonable profit nor could he recover on the contract which, having been annulled in the *certiorari* action, had no longer any legal existence, but did allow the plaintiff to recover on *quantium meruit.*

The case of *Tappan* v. *Long Branch Commission, supra,* is not in point, the opinion, so far as it is at all germane, holding that when a municipal body, acting within the scope of its chartered powers, has entered into a contract for public improvements, in pursuance of proceedings *regular on their face,* and such contract has been performed by the other party, the fact that preliminary proceedings were irregular constitutes no legal defense to a suit upon the contract against the municipality.

To the same general effect is the holding of the court in *Knapp* v. *Hoboken, supra,* and there it will be noted that the determination of the court relates to a question of pleading rather than substantive law. So, too, the case of *Bigelow*

v. *City of Perth Amboy, supra,* is clearly distinguishable and is no support to the respondent's position here. In that case the plaintiff had delivered flagstone to the city and, not being paid therefor, sued to recover the value. It was proved that the contract for the stone was made by the mayor of the city and that the stone was delivered pursuant to the contract and that prior to the purchase the governing body had resolved that the flagstone should be provided and the mayor was appointed commissioner to carry the resolution into effect. It was further shown that a certified copy of this resolution was exhibited to the plaintiff and that the sole objection to the plaintiff's right to recover was that the purchase of the stone was an excess of authority. The irregularity, or excess of authority urged, was that under the pertinent statutes (*Pamph. L.* 1844, *p.* 122, §§ 3, 8; *Pamph. L.* 1853, *p.* 371, § 10), the governing body was required to pass an ordinance calling upon lot owners to pave and flag their streets and sidewalks and upon their failure so to do the council might undertake the work and recover the cost thereof from the land owners. Notwithstanding this prescribed mode had not been followed, the court held that the creditor's right to recover could not be defeated because the direction of the statute, as to the procedure for getting a street paved, was not followed by the governing body. Since the city had the power to regulate the paving of the streets and walks, it had power to incur a debt for that purpose and the resolution passed by the council, for the purchase in question, having been presented to the creditor, his claim could not be defeated if the resolution was not recorded in the minutes. The city, under these circumstances, would be estopped from setting up this defense. At all events, the only question in the case was whether the purchase was an excess of authority and the case may be regarded as authority on that question only.

*Durbrow* v. *Hackensack Meadows Co.,* 77 *N. J. L.* 89, is not in point since it concerns the minutes of a private corporation and, in any event, is readily distinguishable.

The rule as to minutes of a *private* corporation is that such

minutes are only *prima facie* evidence of the correctness of the entries contained therein. Cf. *Van Hook* v. *Somerville Manufacturing Co. et al.,* 5 *N. J. Eq.* 137 (at *p.* 169); reversed, on other grounds, *Ibid.* 633; *Graham* v. *Fleissner,* 107 *N. J. L.* 278 (at *p.* 284), and cases cited.

The case of *West Jersey Traction Co.* v. *Camden Horse Railroad Co.,* 53 *N. J. Eq.* 163, so far as it is applicable to this inquiry, holds that the declarations of several members of the township committee, whether oral or written, are not, by any statute or by any legal rule, admissible to prove prior acts of the corporate body.

The respondent also relies upon the case of *Nash* v. *Perth Amboy,* 104 *N. J. L.* 60. There plaintiff sued the municipality to recover taxes already paid which plaintiff claimed were excessive. He had petitioned the governing body to reduce his taxes and assessments. Meanwhile he sold the property and the purchaser paid the delinquent taxes in full out of the purchase price. At the trial, plaintiff testified that certain members of the board of aldermen had told him that his application for a reduction of taxes had been granted. This the court properly rejected as hearsay, holding that the declarations of individual members of the board of aldermen are not legal evidence to prove prior acts of a municipal body. Then we find this language: "No member of the council was called to prove the adoption of the alleged resolution. Nobody who was present at the time of its alleged adoption was called to testify, and no record of any such resolution is found in the minutes." The learned writer of the opinion, by these sentences, graphically pointed out that the plaintiff's case was based upon the veriest hearsay. The question of amending or supplying omissions in the official minutes of the municipality is not discussed in the opinion and the language just quoted cannot be tortured into authority for altering or supplementing the official minutes of a municipal body by parol evidence.

On the other hand, the soundness of the legal principle that parol evidence cannot be invoked to alter or supplement the written record of a municipality does not seem to admit

of serious dispute. See *Cook* v. *Manasquan*, 80 *N. J. L.* 206; *Fogg* v. *Ocean City Sewer Co.*, 72 *N. J. Eq.* 736 (at *p.* 738); *Bloomfield* v. *Board of Chosen Freeholders of Middlesex County*, 74 *N. J. L.* 261, and cases cited.

In the first of these cases. the Supreme Court refused to permit the municipality to enlarge or supply omissions in the record by parol testimony, citing the case of *Andrews* v. *The Inhabitants of Boylestown*, 110 *Mass.* 214, where Mr. Justice Ames said: "Omission in the record cannot be supplied by parol evidence. Where the record of the town meeting failed to show an adjournment, it was held that parol evidence of the adjournment was not admissible. *Taylor* v. *Henry*, 2 *Pick.* 397; *Manning* v. *Fifth Parish*, 6 *Id.* 6."

Parenthetically, it should be stated that if the minutes have been inaccurately entered, or there is omitted from them something which should have gone into the record, the minutes themselves may be corrected and *mandamus* will lie for that purpose. See 2 *McQuillan on Municipal Corporations* (*2d ed.*) 511, § 658 (628).

Viewed from any aspect, the doctrine that the official minutes of a municipal body may be altered or supplemented by parol evidence seems to be a dangerous one and capable of introducing havoc and instability into the conduct of the business of a municipality.

"The established general rule is that these records [municipal minutes], or duly authenticated copies thereof, are the only competent evidence of the official actions of the council and they cannot, as a rule, be enlarged or restricted by parol testimony." 43 *C. J.* 516, § 793.

The reason for the rule is stated as follows: " 'The law requires a record to the end that those who may be called to act under it may have no occasion to look beyond it; to avoid the mischief of leaving municipal corporate action to be proved by parol evidence; to make it certain that rights which have accrued under such actions shall not be destroyed or affected by the always fallible and often wholly unreliable recollection of witnesses, however truthful and intelligent they may be.' 2 *McQuillan, Municipal Corporations* 1358.

'If parol evidence were admissible to enlarge or restrict the recorded evidence, the entries in the journal would be uncertain and unreliable and would fail to afford any evidence that could be depended upon to show the actual proceedings of the council at any of its meetings.' " 43 *C. J.* 517, N. 58a. See, also, 19 *R. C. L.* 902, § 202.

Reverting to the case before us, the evidence shows that this case was tried in April, 1934; that the plaintiff testified that the municipal action which he alleges, was taken eight years previously, in the spring of 1926; that he never obtained a copy of the resolution which he asserts was passed and doesn't recollect who offered it and, further, that he never billed the municipality for work done pursuant to it. There is no evidence as to whether the resolution was submitted in writing or orally, by whom it was offered, whether it was presented to the mayor for his approval, or, if it was presented, whether that official signed or vetoed it. It is manifest that to permit the official record to be varied in this fashion would rob it of its inherent attribute of verity and would, in short, make of it no record at all.

The philosophy of the law in this state on matters of this kind was admirably stated in the case of *Pangborn et al.* v. *Young,* 32 *N. J. L.* 29. There it was held that an act having been passed by the legislature, approved by the governor and filed in the office of the secretary of state, an exemplification of it was conclusive evidence of its existence and contents. Testimony tending to show that the measure actually voted on, passed and approved by the governor, varied from that filed in the office of the secretary of state, was rejected and it was further held that the minutes of both houses, although kept under the requirement of the constitution of the state, could not be received as evidence to show such variance.

If it is for the jury in a case like the one in hand to find that the printed record is not accurate because of omissions, and that it may be supplemented by parol evidence or that it is incorrect and may be amended in the same fashion, it is equally logical that the printed record might be rejected altogether in any particular and the oral account of what happened be accepted in its place and stead.

The motion for nonsuit should have been granted. Judgment reversed, and a *venire de novo* allowed.

*For affirmance*—THE CHANCELLOR, DONGES, VAN BUSKIRK, HETFIELD, JJ.  4.

*For reversal*—THE CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, KAYS, DEAR, WELLS, JJ.  10.