WARREN COUNTY COURT OF COMMON PLEAS.

HARVEY STEVENS, PETITIONER-APPELLEE, v. TOWNSHIP OF ALLAMUCHY, RESPONDENT-APPELLANT.

Decided February 25, 1944.

For the petitioner-appellee, *Gebhardt & Gebhardt.*

For the respondent-appellant, *Foley & Francis.*

BOWERS, C. P. J. This case presents the issue whether Harvey Stevens, petitioner-appellee, was an employee of the respondent-appellant, the Township of Allamuchy, and, therefore, entitled to compensation under the Workmen's Compensation Act, *N. J. S. A.* 34:15–1, et seq., at the time he suffered an injury by reason of an accident occurring on May 4th, 1940.

It appears that the petitioner had been duly appointed treasurer of the respondent township in the year 1934 and had also been postmaster of the post office at Allamuchy since the year 1929.

Early in the year 1938, he received word from the Post Office Department of the federal government that he could no longer hold the dual position of postmaster under the federal government and the office of treasurer under the municipal government of the Township of Allamuchy, and that he must resign from one or the other. The petitioner made his choice by tendering his resignation as treasurer of the Township of Allamuchy to the township committee on

May 7th, 1938, and the resignation was accepted by the township committee on May 27th, 1938. The minutes of the respondent duly show the resignation, the acceptance, and the act of the committee in filling the office of treasurer by the appointment of Gladys Stevens (wife of the petitioner), for the unexpired term of said petitioner, and duly set the amount of the bond for the new treasurer. There is no dispute that Gladys Stevens continued to hold the office of township treasurer from the year 1938 down to the date of the accident on May 4th, 1940, and duly signed the checks authorized by the committee.

It is claimed by the petitioner that two members of the township committee, just prior to the appointment of Gladys Stevens to fill the unexpired term of the petitioner for the office of township treasurer, suggested that the petitioner's wife be appointed treasurer but that petitioner should continue to do the work of the treasurer with the exception of signing the checks, which would be done by his wife, the new treasurer, and that the petitioner could in some way get the salary of $150 per year paid for the office of treasurer from his wife. The evidence tends to show that the petitioner attended the meetings of the committee after the date of his resignation and he performed the duties of that office with the exception of the signing of checks and the presenting of the treasurer's salary bills, which were signed by the new treasurer, Gladys Stevens. No record of such an agreement or arrangement between the two committee members and the petitioner is found in the minutes of the township committee meetings.

That the petitioner suffered injuries as a result of an accident on May 4th, 1940, is conceded, but is not the paramount question to be decided in this opinion.

In considering and determining the issue here involved, we must bear in mind certain settled and basic principles. 1. A necessary prerequisite for recovery under the Workmen's Compensation Act is the existence of the relation of employer-employee. *Corbett* v. *Starrett Bros., Inc. (Court of Errors and Appeals)*, 105 *N. J. L.* 228; 143 *Atl. Rep.* 352; *Rojeski* v. *Pennington Dairy Farms, Inc.*, 118 *N. J. L.* 335; 192

*Atl. Rep.* 746. 2. In order for that relation to exist, there must be a valid contract of service together with the right or power in the employer to control the employee with respect to the transaction out of which the injury arose. *Essbee Amusement Corp.* v. *Greenhaus,* 114 *N. J. L.* 492, 493; 177 *Atl. Rep.* 562; *Rojeski* v. *Pennington Dairy Farms, Inc., supra* (at *p.* 337); 192 *Atl. Rep.* 748.

The evidence presented conclusively proves that the petitioner was not the township treasurer at the time the accident occurred. He had in good faith, on May 7th, 1938, tendered his resignation to the township committee and the latter accepted the same on May 27th, 1938, and filled the vacancy existing by the appointment of another person, who was the wife of the petitioner. According to the evidence, the minutes of the township committee record such resignation and subsequent appointment of another party. From that time on, the records are silent.

At the hearing before the Commissioner of the Workmen's Compensation Bureau, certain oral testimony was presented, attempting to show that the petitioner had been employed in some capacity by the township committee. It is the opinion of this court, that such oral testimony should not be controlling or considered to supplement the minutes of the official body in connection with the decision of this case. As a general proposition, a municipality becomes bound either by formal, preliminary act authorizing a thing to be done, or, in the absence of such preliminary act, by ratification. The doctrine that the official minutes of a municipal body may be altered or supplemented by parole evidence seems to be a dangerous one and capable of introducing havoc and instability into the conduct and business of a municipality. *Campbell* v. *Hackensack,* 115 *N. J. L.* 209; 178 *Atl. Rep.* 794.

This is not a case where a person has furnished materials or labor to a municipal body, who, in turn, accepted the merchandise or work done and then refused to pay for the same on the ground that it lacked official authority to order the materials or employ the person. It is rather an attempt to hold indirectly an office which the parties concerned did not wish known by open employment by resolution and the pay-

ment of a salary direct to the person involved. Such is not an illegal act, but it appears to be an attempt to accommodate the petitioner to continue in two positions, when he knew he should surrender one, and in this case actually did by resigning as township treasurer.

The committee had not authority to control the petitioner with respect to his alleged employment. He was not the treasurer and, apparently, was not a clerk in the treasurer's office, as no salary was paid to him and none was requested. Certainly the township committee had no authority to direct the treasurer, Gladys Stevens, even though she was the petitioner's wife, to pay to her husband the salary the committee paid to her as an officer of the township, and there is no indication in the records that the committee ever did so order it to be done.

The contention of the attorneys for the petitioner, that, even if the formalities of employment such as resolutions upon the minutes were lacking, it would not be the fault of the petitioner and that, if this were always a condition precedent, all employees would need a certified copy of the resolution of their employment in order to be secure, is without merit. The petitioner claimed that he attended the meetings of the committee and, if this be true, he certainly could have heard the minutes read and should have known that they contained no record of his employment. In any event, he had resigned his position, according to the evidence, and since the resignation received no wages or salary from the township; also, he knew that his wife had been duly appointed and bonded and received a salary for the office. It certainly should have dawned upon him that the committee and himself were trodding upon rather strange grounds. Since the proof is overwhelming that the said Gladys Stevens was the township treasurer, the petitioner has no grounds whatsoever on which to claim that he likewise holds that office, inasmuch as he had resigned, the resignation accepted, his wife duly appointed in his place, she having been bonded and had never been removed therefrom. The township can have only one treasurer (*R. S.* 40:145-12; *N. J. S. A.* 40:145-12) and that was Gladys Stevens, duly appointed to fill the unexpired term

(*R. S.* 40 :145–13; *N. J. S. A.* 40 :145–13), at the time the accident occurred on May 4th, 1940.

The claim of the petitioner that the arrangement made orally between the two committeemen of the respondent township and himself, that the latter's wife should be treasurer in name only and sign checks, and he, the petitioner, should do the work and have the salary passed over to him indirectly by her is, of course, contrary to good public policy and would not be condoned by the courts and *a fortiori* would not make the petitioner an employee of respondent. The testimony raising this point is rather unique as to the manner in which the petitioner testified, to wit: "They said that they had seen Mr. Cook and he communicated with the Post Office Department and looked it up and found that it was all right for me to accept and to do the work under these conditions."

The said Mr. Cook was township attorney and absent from the hearing and the person referred to in the Post Office Department was not disclosed. Mr. Cook is in the county and could have been heard, had the petitioner desired. His absence, since this point was brought up, might create a doubt as to how he would testify. *Robinson* v. *Equitable Life Assurance Society,* 126 *N. J. Eq.* 242; 8 *Atl. Rep.* (2d) 600. It seems inconceivable that the Post Office Department would sanction that which could be done indirectly what it prohibited directly. However, this testimony is of small moment and no matter how interpreted would not in itself create the status of employer and employee between the parties to this action.

The word "clerk" has come into the case briefly, tending to show that the petitioner may have been employed as a clerk by the respondent-appellant, but an examination of the testimony, arguments and quoted authorities failed to substantiate such a claim.

The evidence negatives any thought that it was necessary to employ a clerk in the office of the treasurer or to do the treasurer's work at the committee meetings. The small salary of $150 per year for the treasurer indicates the modesty of the position. The treasurer, Gladys Stevens, was appointed to the position and was paid for the same and she, of course,

should have handled the details of the employment. Any other construction would denote an unnecessary waste of township moneys.

The petitioner's attorneys also suggest that the petitioner was at least a *de facto* employee of the township and cites in their brief *N. J. S. A.* 40:11-7 to the effect that a *de facto* employee is entitled to compensation. Although it may be true that a *de facto* officer or employee is entitled to payment for services rendered a municipality, notwithstanding the fact that the official body lacks authority to appoint or employ him, it does not justify the township committee to make such an arrangement with one person, as in this case, to hold the office and accept the pay therefor and another to do the work, and impose a dual responsibility on the respondent or its insurance carrier in case of liability under the Workmen's Compensation Act.

In the case of *Erwin* v. *Jersey City,* 60 *N. J. L.* 141; 37 *Atl. Rep.* 732, it was held that "when an official person or body has apparent authority to appoint to a public office and apparently exercises such authority and the person so appointed enters upon such office and performs its duties, his official acts will be valid with respect to the public and with third persons with whom he deals officially, and he will be an officer *de facto* notwithstanding there was a want of power to appoint in the body or person who professed to do so." This case also held that "when he becomes a public officer *de facto* without dishonesty or fraud on his part and he renders the services required of such public officer, may recover the compensation provided by law for such services during the periods of their rendition." This case is cited by the petitioner's attorneys to establish the petitioner's right to collect for labor performed. In the opinion of the court, the present case does not come within the limitations of this decision. The respondent had an officer duly appointed who was being paid for the services she was supposed to perform. The petitioner, apparently, was doing some of the work. The public officer in the case cited was able to collect if no dishonesty of purpose or fraud was apparent. In the present case, it is not dishonesty or fraud, but it appears that the

petitioner and respondent were attempting to void that very thing which petitioner had informed the Post Office Department that he had agreed to do, viz., resign from the treasurership of the Township of Allamuchy and continue to act as postmaster. The court would rather believe that the petitioner intended to abide by his statement to the Post Office Department in that he had severed his relations with the township government and merely was accommodating his wife, who was the township treasurer, and attended the meetings in her stead.

Therefore, finding that there was no relationship of employer and employee between the petitioner and respondent at the time of the accident, the determination and judgment of the Compensation Bureau is reversed, and the compensation to the petitioner is denied.